**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Benally, ) | |
| ) | |
| Petitioner, ) | No. CR 91-273-PCT-RCB |
| ) | |
| vs. ) | O R D E R |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

On March 4, 2005, Petitioner Donald Benally filed a Petition for Writ of Coram Nobis. (doc. 1518). The Court ordered Respondent to file a response to the petition, (doc. 1521), and it complied with such order on June 17, 2005. Resp. (doc. 1524). Petitioner did not file a reply to Respondent's response.

**I. Background Facts**

Petitioner was convicted on November 13, 1992, of conspiracy to commit the kidnaping of Navajo Tribal Police Lieutenant Daniel Hawkins (Count I of the Indictment) and Aiding and Abetting the Robbery of Lieutenant Hawkins (Count IX), both of which arose out if the "Navajo Riot" incident of July 1989. (docs. 731 & 733).

Petitioner was sentenced to serve one hundred and fifty-one (151) months on Counts I and IX, to be served concurrently, followed by 60 months supervised release. (doc. 929). On direct appeal, Petitioner raised numerous factual and legal issues, and joined in the several other issues raised by his eight co-defendants/appellants, all of which were rejected by the Ninth Circuit. See United States v. Begay, et al., 42 F.3d 486 (9th Cir. 1994).

Petitioner petitioned this Court several times for a writ of habeas corpus. (docs. 1276, 1495, 1499, and 1504). The Court rejected each of his collateral attacks and the Ninth Circuit Court of Appeals affirmed those decisions.

On or about March 19, 2004, Petitioner was released from a Bureau of Prisons facility. Pet. (doc. 1518) at 4. He is now serving a five-year term of supervised release. (doc. 929).

**II. Writ of Coram Nobis**

Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character. Matus-Leva v. U.S., 287 F.3d 758, 760 (9th Cir. 2002). The United States Supreme Court has held that district courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a). Id.; see United States V. Morgan, 346 U.S. 502, 506-07 (1954).

To warrant coram nobis relief, a petitioner must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character. Matus-Leva, 287 F.3d at 760.

1  "Because these requirements are conjunctive, failure to meet any
2  one of them is fatal." <u>Id.</u>
3      Here, Petitioner cannot satisfy the first element warranting
4  coram nobis relief. Petitioner is currently subject to supervised
5  release, and, consequently, is still considered in "custody." <u>Id.</u>
6  at 761 (finding that the petitioner "is still subject to supervised
7  release, and thus he is in 'custody'"). A person in custody may
8  seek relief pursuant to 28 U.S.C. § 2255. "Because the more usual
9  remedy of a habeas petition is available, the writ of error *coram*
10 *nobis* is not." <u>Id.</u>; <u>see</u> <u>also</u> <u>United States v. Brown</u>, 413 F.2d 878,
11 879 (9th Cir. 1969) ("*Coram Nobis* is not available, since he is
12 still in custody.")
13     Moreover, even if the Court construed Petitioner's filing as a
14 Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2255, the
15 petition was not properly filed. In its July 13, 2001 Order denying
16 Petitioner's request for a certificate of appealability, the United
17 States Court of Appeals for the Ninth Circuit ordered that "[i]f
18 [Petitioner] wishes to file a second or successive 28 U.S.C. § 2255
19 motion in the district court, [Petitioner] must first move this
20 court for an order authorizing the district court to consider that
21 motion." (doc. 1503). Petitioner has made no showing that such
22 motion was made or authorization granted.
23     Therefore,
24     IT IS ORDERED that Petitioner's Petition for Writ of Coram
25 . . .
26
27
28

1 Nobis (doc. 1518) is DENIED.

2        DATED this 4th day of October, 2005.

3

4

5  _____
   Robert C. Broomfield
6   Senior United States District Judge

7 Copies to counsel of record and petitioner pro se