**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,          ) | |
| )                                Plaintiff, ) | No. CR 91-273-PCT RCB |
| ) | |
| vs.                                       ) | O R D E R |
| ) | |
| Donald Benally,                       ) | |
| ) | |
| Defendant.           ) | |

On March 30, 2006, Defendant filed a petition entitled "Motion to Waive or Forgive the Fine and Restitution."  Mot. (doc. 1536). In his motion, Defendant asks the Court to waive or forgive the imposed fine and restitution in this case, arguing that he is not gainfully employed, has two dependants, suffers from certain medical conditions, has been forgiven by the Navajo Nation for all his alleged acts in 1989, and was treated unfairly in relation to his co-defendant Peter MacDonald.  Id.

On May 22, 2006, the Government filed its response, wherein it partially opposes Defendant's motion.  Resp. (doc. 1538). Specifically, the Government opposes Defendant's request for waiver

or forgiveness of the imposed restitution.  Id.  The Government asserts that there is no statutory authority that allows this Court to "forgive" or "waive" restitution.  Id. at 1.  Additionally, the Government argues that the concerns of the victims of the violence that occurred as a result of Defendant's offense should take precedence over Defendant's feelings regarding the fairness of the sentence imposed upon him.  Id. at 2.  The Government, however, does not take any position on Defendant's request for waiver or forgiveness of the $5,000 fine imposed upon him at sentencing.  Id.

In regard to Defendant's request involving the imposed restitution, the Court agrees with the Government.  The concerns of the victims that resulted from Defendant's offense must take precedence over his personal situation and perception of his sentence.  In addition, the Court cannot grant Defendant's motion for waiver or forgiveness of the imposed fine, as a District Court may only modify or remit a fine "[u]pon petition of the Government."  18 U.S.C. §3573; see also United States v. Heimbach, 808 F.Supp. 413, 415-16 (E.D.Pa. 1992) ("Under the current version of 18 U.S.C. § 3573, only the United States government may petition this Court to remit a defendant's fine.").  Here, the motion requesting remittance of the fine was filed by Defendant.[1]

IT IS ORDERED that Defendant's motion to waive or forgive the . . .

---

[1] Ironically, attached to defendant's motion is a letter from the United States Attorney for this District which urges the Director of the Bureau of Prisons to join in a reduction of defendant's sentence yet his assistant now takes no position on defendant's request to remit the fine portion of his sentence. Of course, he is free at any time to initiate such a request under § 3573.

1  fine and restitution (doc. 1536) is DENIED.
2       DATED this 10th day of July, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

8  Copies to counsel of record and Plaintiff, pro se

- 3 -