1   **WO**

2

3

4

5

6

7                IN THE UNITED STATES DISTRICT COURT

8                   FOR THE DISTRICT OF ARIZONA

9

10

11

12   United States of America,        )
                                       )
13                   Plaintiff/        )    No. CR 91-273-PCT-RCB
                     Respondent,       )
14                                     )
          vs.                          )         O R D E R
15                                     )
     Donald Benally,                   )
16                                     )
                     Defendant/        )
17                   Petitioner.       )
     _____ )
18

19        Currently pending before the court is a motion by *pro se*

20   defendant/petitioner, Donald Benally, to "Modify or Remit" the

21   remaining balance of the fine which this court imposed upon him at

22   sentencing (doc. 1544).  Defendant is seeking that relief pursuant

23   to 18 U.S.C. § 3573.  The United States does not join in this

24   motion.

25                            ***Background***

26        After receiving a "Notice of Intent to Offset" from the

27   United States Department of Justice, defendant filed the present

28   motion.  See  Mot. (doc. 1544) at 10.  In that Notice, the United

1  States is seeking to have defendant pay the remaining $2,700.00

2  which he owes on his court-imposed fine.  Id.  Defendant claims

3  that he cannot afford to pay that fine because he is employed only

4  part-time "at a rate of $950.00 per month[;]" and has a daughter

5  enrolled at the University of New Mexico, whom he supports.  Id. at

6  1:31-2:2.  Therefore, defendant is requesting that the court remit

7  or modify his fine, although he does not indicate what form that

8  relief should take.

9       This is not the first time which the court has been confronted

10  with such a request from defendant.  In 2006, defendant filed a

11  "Motion to Waive or Forgive the Fine and Restitution."  Doc. 1536.

12  After denying the restitution aspect of that motion, the court

13  explained that it could not grant "Defendant's motion for waiver or

14  forgiveness of the imposed fine," because it could only grant such

15  relief "'[u]pon petition of the Government.'"  Doc. 1543 at 2:16-17

16  (quoting 18 U.S.C. § 3573) (other citation omitted).  In a

17  footnote, the court observed that despite the fact that the United

18  States Attorney for this District was urging the Bureau of Prisons

19  "to join in a reduction of defendant's sentence[,] . . . his

20  assistant" was not taking any position as to "defendant's request

21  to remit the fine portion of his sentence."  Id. at 2 n.1.  Noting

22  the "iron[y]" of that position, the court stated, "Of course, *he* is

23  free at any time to initiate such a request under § 3573."  Id.

24  (emphasis added).

25                              ***Discussion***

26      Defendant misapprehended the court's intent.  As defendant

27  interpreted the just quoted sentence, the court was "direct[ing] .

28  . . defendant . . . [to] first properly file a motion under 18 USC

-2-

1 [§] 3573, . . . to Remit or Modify [his] Fine[.]" Mot. (doc. 1544)

2 at 1, ¶ 1.  As the body of the court's prior order indicates,

3 however, and quoting from that statute verbatim, "*only* the

4 Government may petition to remit or reduce a fine imposed as part

5 of a criminal sentence."  Manjarres v. United States, 2008 WL

6 842415 (D.R.I. March 28, 2008) (emphasis added) (citing, *inter*

7 *alia*, United States v. Linker, 920 F.2d 1, 2 (7th Cir. 1990);

8 United States v. Gonzalez, 248 F.3d 1128 (1st Cir. 2000) (Table)

9 (district court lacked jurisdiction to act on defendant's post-

10 conviction request to remit fine) (other citations omitted)).

11      It is true that under the *former* section 3573, a defendant

12 could "petition the court to remit or modify a fine upon

13 demonstrating that he or she had made a good faith effort to comply

14 and that changed circumstances had rendered the fine unwarranted."

15 United States v. Seale, 20 F.3d 1279, 1286 n.8 (3rd Cir. 1994).

16 Congress enacted that former section "as part of the Sentencing

17 Reform Act of 1984," which "became effective on November 1, 1986."

18 Id.  United States v. Heimbach, 808 F.Supp. 413, 415 (E.D.Pa. 1992)

19 (citation omitted).  The former section 3573 "lasted only six

20 weeks, however, because the Criminal Fine Improvements Act of 1987

21 repealed former section 3573 and replaced it with a new section

22 3573, effective December 11, 1987."  Id. (citations omitted).

23 Thus, there was only a small window of time during which a

24 defendant, as opposed to the government, could file a petition with

25 the court to remit or modify a fine.  Petitioner Benally's motion

26 does not fall within the short life of the former section 3573.

27      Thus, in accordance with the "plain and unambiguous" language

28 of the current section 3573, which "[b]y its own terms, . . .

1   applies strictly to the Government, and not to defendants[,]" the

2   court must deny petitioner's motion to modify or remit his fine.

3   See Linker, 920 F.2d at 2.

4        Based upon the foregoing, IT IS ORDERED that

5   defendant/petitioner Donald Benally's "Motion to Modify or Remit a

6   Fine" (doc. 1544) is DENIED.

7        DATED this 6th day of May, 2009.

8

9

10   _____
     Robert C. Broomfield

11   Senior United States District Judge

12

13

14

15   Copies to counsel of record and defendant/petitioner Donald Benally

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -